**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Detrich COVINGTON, Defendant—
Appellant.**

No. 05–30306.

United States Court of Appeals,
Ninth Circuit.

Submitted July 25, 2006.*

Filed July 27, 2006.

Stephen A. Collins, USAK—Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Detrich Covington, Yankton, SD, pro se.

Robert A. Ratliff, Mobile, AL, for Defendant–Appellant.

Before: KOZINSKI, BERZON, and TALLMAN, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(a)(2).

MEMORANDUM **

Detrich Covington appeals his 108–month sentence for conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and aiding and abetting money laundering, in violation of 18 U.S.C. § 1956.

Covington waived his right to appeal. Because the waiver is both valid and enforceable, we cannot decide the merits of the issues Covington raises. *See United States v. Jeronimo,* 398 F.3d 1149, 1152–53 (9th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 198, 163 L.Ed.2d 188 (2005).

Covington's appeal is not outside the scope of the waiver. *See United States v. Baramdyka,* 95 F.3d 840, 843 (9th Cir. 1996). The plea agreement provides that "if the court . . . imposes a sentence consistent with [the] terms [of the plea agreement] . . . and which does not exceed the [applicable] statutory maximum penalties, [Covington] will knowingly and voluntarily waive the right, contained in 18 U.S.C. § 3742, to appeal the sentence the court imposes." The district court sentenced Covington to 108 months imprisonment, well below the statutory maximum penalty of forty years available for the crimes to which he confessed in the plea agreement. Further, the plea agreement specifically recognizes that either party can argue for an advisory guidelines range other than the estimated range in the plea agreement.

Nor is Covington's appeal waiver invalid. An assertion that the district court applied the wrong standard of proof in finding sentence-enhancing facts does not invalidate an otherwise enforceable appeal waiver. *United States v. Smith,* 389 F.3d 944,

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

953 (9th Cir.2004), *cert. denied,* 544 U.S. 956, 125 S.Ct. 1721, 161 L.Ed.2d 538 (2005). Also, Covington does not have a colorable constitutional claim that the district court should have used the "beyond a reasonable doubt" standard, in light of *United States v. Kilby,* 443 F.3d 1135, 1140–41 (9th Cir.2006), so the premise for his invalidity claim fails.

**DISMISSED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.